IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  Plaintiff/Respondent,

 vs.               CIV. NO. 14-866 MV/GBW
                  CR. NO. 02-358 MV

KEVIN VALLO,

  Defendant/Petitioner.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Petitioner Kevin Vallo's (hereinafter "Vallo") Motion for Relief under 28 U.S.C. § 2255.  *Doc. 1*.  Upon review of the Motion and accompanying briefing (*docs. 8, 9*), I recommend that the Court DENY it.

**I. BACKGROUND**

Vallo pled guilty to first degree murder on an Indian reservation.  *Crim. Doc. 32*.[1]  Vallo was seventeen years old when he committed the murder.  On June 5, 2003, the Court entered an amended judgment reflecting a sentence of imprisonment of 288 months.  *Crim. Doc. 41*.  The Court also ordered that Vallo be placed on a term of supervised release for five years upon his release from confinement.  *Id*.  Vallo did not

---

[1] The citation "*Crim. Doc. __*" refers to the docket entry in Vallo's underlying criminal case, Case No. 02-cr-358 MV.

1

appeal from the judgment, nor did he file a motion pursuant to 28 U.S.C. § 2255 until he filed the instant one on September 19, 2014.

## II.  CLAIMS AND ANALYSIS

Vallo raises a single claim—that the sentence he is serving violates the Eighth Amendment's prohibition against cruel and unusual punishment.   Specifically, Vallo argues that his sentence was imposed under "a sentencing scheme that mandated life in prison without parole for juvenile offenders."   *Doc. 1*, ¶ 12.   That scheme, claims Vallo, is unconstitutional under *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

In *Miller*, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders."   132 S. Ct. at 2469.   Importantly, the constitutional violation arose not from a life sentence for such offenders, but from the state statute that mandated such a sentence based on the crime of conviction.   In fact, the Supreme Court's opinion makes clear that it "did not foreclose a sentencer's ability" to impose a sentence of life without parole, provided that the sentencer had "discretion to impose a different punishment."   *Id*. at 2460, 2469.

Vallo's reliance on *Miller* is completely misplaced.[2]   He was not sentenced under a sentencing scheme that mandated life imprisonment without parole.   In fact, he

---

[2] Of course, Vallo's claim is predicated on the retroactivity of the *Miller* decision.   While this Court need

2

was not even sentenced to a term of life imprisonment.   He was sentenced to a term of 288 months imprisonment with a five-year term of supervised release thereafter.  Moreover, notwithstanding that the maximum sentence under the statute of conviction was life imprisonment, the binding plea agreement accepted by the Court limited the Court's sentencing discretion to between 240 and 288 months.   In short, *Miller* does not apply.   *See, e.g., Bell v. Uribe*, 748 F.3d 857, 869 (9th Cir. 2014).

### III. CONCLUSION

The *Miller* decision provides no basis upon which to find Vallo's sentence unconstitutional.   As he provides no other bases for relief, I recommend the Court DENY his Motion and dismiss the action with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).   **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.**

---

not decide that question, it has been rejected by other courts.   *See, e.g., In re Morgan*, 713 F.3d 1365, 1368 (11th Cir. 2013).